**DISMISS and Opinion Filed December 19, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01284-CV**

**IN RE WAYNE WARSHAWSKY, Relator**

**Original Proceeding from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-53388-2010**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Schenck

Relator Wayne Warshawsky sought mandamus relief after the trial court dissolved a temporary restraining that kept a child in relator's custody. We stayed the dissolution order based on allegations that the child's emotional state had deteriorated under the care of his mother, real party in interest Ashley Austin. Austin has moved to lift the stay, arguing that the temporary restraining order expired by operation of law and that any controversy over the now-expired temporary restraining order was moot.

In recent cases, we have consistently held that any challenge to the dissolution of a temporary restraining order becomes moot with the expiration of the order by its own terms. *See In re Fartook*, No. 05-17-01081-CV, 2017 WL 4117178, at *1

(Tex. App.—Dallas Sept. 18, 2017, orig. proceeding) (mem. op.) ("Relator's complaints regarding the order dissolving the temporary restraining order are moot because the temporary restraining order would have automatically dissolved before relator filed this original proceeding."); *Wells v. May*, No. 05-12-01100-CV, 2014 WL 1018135, at *2 (Tex. App.—Dallas Feb. 12, 2014, no pet.) (mem. op.) (holding complaint concerning temporary restraining order dissolution to be moot because "[b]y its terms, the temporary restraining order would have expired fourteen days after it was entered"); *see also Fisher v. Cooke*, No. 05-21-00243-CV, 2022 WL 3584631, at *4 (Tex. App.—Dallas Aug. 22, 2022, no pet.) (mem. op.) (holding a complaint regarding the *entry* of a temporary restraining order to be moot "because a temporary restraining order must expire by its terms within fourteen days after it is signed").

By its terms, the temporary restraining order here was set to be dissolved (1) upon further order of the court or (2) when "it expires by operation of law." The operation of law would have brought the temporary restraining order to an end after 14 days. *See* TEX. R. CIV. P. 680. We did not stay the operation of rule 680, under which the 14-day period was set to expire on Friday December 2, 2022.

Because the temporary restraining order expired by its own terms, any controversy over the trial court's dissolution order is now moot.

Further, relator's petition contains sensitive information including the full name of a minor, in violation of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 9.9.

Accordingly, we lift our stay, strike relator's mandamus petition, and dismiss this original proceeding.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

221284F.P05